## MEMPHIS STREET RY. CO. v. IKERD.

### No. 5659.

Circuit Court of Appeals, Sixth Circuit.

Feb. 13, 1931.

Sam P. Walker, of Memphis, Tenn., for appellant.

Hunter Wilson, of Memphis, Tenn., for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

This is an appeal from a judgment for damages for personal injuries which the appellee sustained in a collision between an automobile in which she was riding and a street car belonging to appellant. The collision occurred at a point where appellant's railway tracks cross Highland avenue outside the corporate limits of the city of Memphis. The automobile belonged to appellee's brother, who was driving it. Appellee was a guest in the automobile, sitting in the rear seat. She was herself engaged in looking out for approaching cars. The parties assume in argument, as we do for the purpose of this opinion, that she was bound to exercise ordinary care to discover the approaching car. Appellant contends that she failed to do this, and for that reason the trial court should have directed a verdict in its behalf.

Baltimore & O. R. R. Co. v. Goodman, Adm'x, 275 U. S. 66, 48 S. Ct. 24, 25, 72 L. Ed. 167, 56 A. L. R. 645, is cited by appellant as controlling. We pass without considering the circumstance that in that case it was a steam railway and in this one a street railway crossing. Otherwise the cases have one fact in common; that is, in each the injured party "had no practical view" of the track for a sufficient distance to be sure that a train was not approaching. In other respects they are different. Goodman did not stop his automobile; the appellee's automobile was stopped,

and both she and the driver looked and listened. Furthermore, the crossing in this case was not one over which heavy and rapidly moving through trains were to be expected to pass, but was used by local street railway cars, which moved more slowly and could be stopped quickly. There was a regular stop for cars, too, on the opposite side of the street, and there were several persons waiting at that point to board the car that collided with the automobile. It is true that appellee, if she remained in the street, could not see an approaching car until it arrived at a point a hundred feet from the crossing; but, as there was a regular stop across the street, she might reasonably have expected that, when a car arrived at a point a hundred feet away, the motorman would have it under such control that it could be stopped before it reached the crossing. Besides, after the automobile stopped, appellee could have heard the car if it had signaled its approach. She and those who were with her testified that they heard no signal. We do not think it can be said, under these circumstances, that, because she did not leave the automobile or require the driver of it to walk up the track a hundred feet to ascertain whether a car was approaching, she was guilty of negligence as a matter of law.

Judgment affirmed.